JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

15-CV-5024

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STEVEN SCHWARTZ

**(b)** County of Residence of First Listed Plaintiff: SUFFOLK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

## DEFENDANTS
ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.

15 5024

County of Residence of First Listed Defendant: BUCKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question *(U.S. Government Not a Party)*
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ○ 625 Drug Related Seizure of Property 21 USC 881 | ○ 422 Appeal 28 USC 158 | ○ 375 False Claims Act |
| ○ 120 Marine | ○ 310 Airplane | ○ 365 Personal Injury - Product Liability | ○ 690 Other | ○ 423 Withdrawal 28 USC 157 | ○ 400 State Reapportionment |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability | ○ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ○ 410 Antitrust |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ○ 430 Banks and Banking |
| ○ 150 Recovery of Overpayment & Enforcement of Judgment | ○ 330 Federal Employers' Liability | ○ 368 Asbestos Personal Injury Product Liability | | ○ 820 Copyrights | ○ 450 Commerce |
| ○ 151 Medicare Act | ○ 340 Marine | | | ○ 830 Patent | ○ 460 Deportation |
| ○ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ○ 345 Marine Product Liability | | | ○ 840 Trademark | ○ 470 Racketeer Influenced and Corrupt Organizations |
| ○ 153 Recovery of Overpayment of Veteran's Benefits | ○ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ● 480 Consumer Credit |
| ○ 160 Stockholders' Suits | ○ 355 Motor Vehicle Product Liability | ○ 370 Other Fraud | ○ 710 Fair Labor Standards Act | ○ 861 HIA (1395ff) | ○ 490 Cable/Sat TV |
| ○ 190 Other Contract | ○ 360 Other Personal Injury | ○ 371 Truth in Lending | ○ 720 Labor/Management Relations | ○ 862 Black Lung (923) | ○ 850 Securities/Commodities/ Exchange |
| ○ 195 Contract Product Liability | ○ 362 Personal Injury - Medical Malpractice | ○ 380 Other Personal Property Damage | ○ 740 Railway Labor Act | ○ 863 DIWC/DIWW (405(g)) | ○ 890 Other Statutory Actions |
| ○ 196 Franchise | | ○ 385 Property Damage Product Liability | ○ 751 Family and Medical Leave Act | ○ 864 SSID Title XVI | ○ 891 Agricultural Acts |
| | | | ○ 790 Other Labor Litigation | ○ 865 RSI (405(g)) | ○ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ○ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ○ 895 Freedom of Information Act |
| ○ 210 Land Condemnation | ○ 440 Other Civil Rights | **Habeas Corpus:** | | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 896 Arbitration |
| ○ 220 Foreclosure | ○ 441 Voting | ○ 463 Alien Detainee | | ○ 871 IRS—Third Party 26 USC 7609 | ○ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ○ 230 Rent Lease & Ejectment | ○ 442 Employment | ○ 510 Motions to Vacate Sentence | | | ○ 950 Constitutionality of State Statutes |
| ○ 240 Torts to Land | ○ 443 Housing/ Accommodations | ○ 530 General | | | |
| ○ 245 Tort Product Liability | ○ 445 Amer. w/Disabilities - Employment | ○ 535 Death Penalty | **IMMIGRATION** | | |
| ○ 290 All Other Real Property | ○ 446 Amer. w/Disabilities - Other | **Other:** | ○ 462 Naturalization Application | | |
| | ○ 448 Education | ○ 540 Mandamus & Other | ○ 465 Other Immigration Actions | | |
| | | ○ 550 Civil Rights | | | |
| | | ○ 555 Prison Condition | | | |
| | | ○ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from Another District *(specify)*
- ○ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 15 USC §1692
Brief description of cause: Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:
○ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND** $1000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ● Yes ○ No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: July 31, 2015
SIGNATURE OF ATTORNEY OF RECORD

SEP - 8 2015

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 28 Guardian Drive, MOUNT SINAI, New York 11766

Address of Defendant: 4850 Street Road, TREVOSE, Pennsylvania 19053

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

15  5024

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?         Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
2. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) FDCPA 15 U.S.C. 1692

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Melissa A. Pirillo_____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: July 31, 2015        _____        314730
                            Attorney-at-Law                 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 31, 2015        _____        314730
                            Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

SEP - 8 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Steven Schwartz | : CIVIL ACTION |
| v. | : NO. **15  5024** |
| Alliance One Receivables Managment, Inc. | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| July 31, 2015 | Attorney-at-law | PLAINTIFF |
|---|---|---|
| **Date** | | **Attorney for** |
| (516) 203-7600 | (516) 282-7878 | mpirillo@sanderslawpllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP - 8 2015

PD

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109458

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN SCHWARTZ, | Docket No: 15 5024 |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| ALLIANCE ONE RECEIVABLES MANAGMENT, INC., | |
| Defendant. | |

STEVEN SCHWARTZ (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ALLIANCE ONE RECEIVABLES MANAGMENT, INC. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Pennsylvania.

1

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Trevose, Pennsylvania.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

15. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

2

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

21. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

22. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

24. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated debtor" would interpret the notice, is applied.

25. Defendant's letter identifies a "Client," "Department Stores National Bank."

26. The body of the letter states, "Our client, Department Stores National Bank, indicates that this matter pertains to your Macy's account."

27. The letter direct Plaintiff to make his check or money order payable to "Citibank."

28. The letter fails to identify the name of any "original creditor."

29. The letter fails to identify the name of any "current creditor."

30. While the letter references a client of Defendant, it instructs Plaintiff to pay a different entity.

3

31. The letter fails to provide any explanation of the relationship, if any, between Defendant's client and Macy's and Citibank.

32. The least sophisticated debtor would likely be confused as to whether the creditor to whom the debt is owed is "Department Stores National Bank," or "Macy's," or "Citibank."

33. The least sophisticated debtor would likely be uncertain as to whether the creditor to whom the debt is owed is "Department Stores National Bank," or "Macy's," or "Citibank."

34. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

35. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

36. The least sophisticated debtor would likely be confused as to the name of the creditor to whom the debt is owed.

37. The least sophisticated debtor would likely be uncertain as to the name of the creditor to whom the debt is owed.

38. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

42. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

43. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated debtor."

44. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated debtor.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

45. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

46. The least sophisticated debtor would likely be deceived by Defendant's conduct.

47. The least sophisticated debtor would likely be deceived in a material way by Defendant's conduct.

48. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

51. The written notice must contain the amount of the debt.

52. The written notice must contain the name of the creditor to whom the debt is owed.

53. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

54. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

55. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

56. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

5

57. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

58. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

59. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated debtor" uncertain or confused as to her rights.

60. Here, while Defendant's letter contains the statutory "validation notice" required by 1692(g), the letter also contains another paragraph directly above the validation notice, which contradicts said notice.

61. The paragraph states, "If this has been an oversight on your behalf, mail the balance in full to our office. If you are experiencing financial difficulties, call our office and a representative will assist you in negotiating a suitable arrangement."

62. The next line of the letter, immediately above the validation notice lists a telephone number: "Telephone: 866-302-3442."

63. This paragraph, along with the prominently displayed telephone number, encourages the consumer to contact the Defendant by telephone to discuss the alleged debt.

64. The letter does not advise the consumer that the direction to contact a representative by telephone does not in any way impact or override the consumer's right's under § 1692g.

65. Defendant emphasized the telephone number without explaining that such suggestion to call does not override the Plaintiff's right to dispute the debt.

66. Defendant emphasized the telephone number without explaining that such suggestion to call does not override the Plaintiff's right to demand validation of the debt.

67. Defendant's emphasis on the telephone number would likely make the least sophisticated consumer uncertain as to her rights.

68. Defendant's emphasis on the telephone number would likely make the least sophisticated consumer confused as to her rights.

69. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692f
### Disclosure of Plaintiff's Account Number

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

72. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

73. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

74. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

75. Visible through the glassine window of the envelope sent to Plaintiff was a bar code, which when scanned reveals Plaintiff's account number assigned by Defendant.

76. The bar code visible through the glassine window can be easily scanned by anyone with a smartphone, as bar code scanning applications are easily accessible to the public free of charge.

77. Defendant disclosed Plaintiff's account number in its mailing to Plaintiff by placing such barcode on the envelope, or making such visible through the glassine window of the envelope.

78. Defendant used language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

79. Defendant has violated § 1692f by using language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

80. Defendant has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

## FIFTH COUNT
### Violation of New York General Business Law § 349

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

82. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

83. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

84. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

85. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

86. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

87. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

88. Plaintiff is a reasonable consumer.

89. Defendant's conduct would mislead a reasonable consumer.

90. Defendant engaged in a material deceptive act or practice as described herein.

91. Defendant's conduct caused plaintiff to suffer injury.

92. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

93. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's actual damages; and

8

    d.    Damages against Defendant pursuant to NYGBL § 349; and

    e.    Plaintiff's costs; together with

    f.    Such other relief that the Court determines is just and proper.

DATED: July 31, 2015

                        BARSHAY SANDERS, PLLC

                        By: _____
                        Melissa A. Pirillo, Esq.
                        BARSHAY SANDERS, PLLC
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Tel: (516) 203-7600
                        Fax: (516) 706-5055
                        *ConsumerRights@BarshaySanders.com*
                        *Attorneys for Plaintiff*
                        Our File No.: 109458

# EXHIBIT 1

**AllianceOne**
Receivables Management, Inc.

4850 Street Rd, Suite 300
Trevose, PA 19053

⬆ Please send all correspondence to the above address

Telephone: 866-302-3442
March 10, 2015

Name: STEVEN D SCHWARTZ
Account Number: ▓▓▓2434
Client Reference Number: XXXXXXXXXXXX6249
Client: Department Stores National Bank

Your account has been referred to our office for collections.

If this has been an oversight on your behalf, mail the balance in full to our office. If you are experiencing financial difficulties, call our office and a representative will assist you in negotiating a suitable arrangement.

Telephone: 866-302-3442

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Our client, Department Stores National Bank, indicates that this matter pertains to your Macy's account. All further communication should be directed to this office.

This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 USC § 1692 et seq., are prohibited from engaging in abusive, deceptive, and misleading debt collection efforts, including but not limited to:

   (i) the use or threat of violence;
   (ii) the use of obscene or profane language; and
   (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

We are required by regulation of the New York State Department of Financial Services to notify you of the following information; however, be advised that we DO NOT intend to obtain a money judgment, or seek any other relief, against you in court:

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

Sincerely,
CURTIS STANLEY

New York City Department of Consumer Affairs license number is 1265903.

✂ Detach Bottom Portion And Return With Payment ✂

S: 121217-L: 3004-O: C15-DEF-3004-1234

To contact us regarding your account, call: **AllianceOne**
866-302-3442

PO Box 1259
Dept. 114164
Oaks, PA 19456

| Regarding: Department Stores National Bank | | |
|---|---|---|
| Client Reference Number | Balance | Amount Enclosed |
| XXXXXXXXXXXX6249 | $1493.36 | $ |

⬆ Mail return address only; send no letters

⬇ Please make check or money order payable to:

STEVEN D SCHWARTZ
28 GUARDIAN DR
MOUNT SINAI NY 11766-2310

Citibank
AllianceOne Receivables Management Inc.
PO Box 3107
Southeastern, PA 19398-3107